BLD-157                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3647
_____

ERNEST DAVID KEYS,
                                                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-18-cv-03044)
District Judge: Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 19, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Ernest David Keys appeals from an order of the District Court dismissing his

federal habeas corpus petition, 28 U.S.C. § 2241, for lack of jurisdiction.  For the reasons

that follow, we will summarily affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Keys pleaded guilty in 2007 to conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by robbery (a Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), in the United States District Court for the Eastern District of Pennsylvania. In connection with that plea, he waived his right to appeal or collaterally attack his conviction and sentence. The sentencing court found that Keys qualified as a career offender under the advisory Sentencing Guidelines, see U.S.S.G. § 4B1.1(a) and former § 4B1.2(a) (2004). Specifically, the sentencing court found that Keys' prior state convictions for burglary under 18 Pa. Cons. Stat. Ann. § 3502(a) and robbery under 18 Pa. Cons. Stat. Ann. § 3701(a), were crimes of violence under § 4B1.2(a). The sentencing court determined Keys' advisory Guidelines imprisonment range to be 151-188 months, and sentenced him on June 7, 2007 to a term of imprisonment of 151 months, the sentence to run consecutively to a state sentence Keys was then serving.[1] Keys appealed, and we granted the Government's motion to enforce the appellate waiver, see United States v. Keys, C.A. No. 07-2804. Our mandate issued on September 24, 2007.

Six years later, in December 2013, Keys filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, asserting that, under Descamps v. United States, 570 U.S. 254 (2013), he was incorrectly designated a career offender at sentencing in that his burglary conviction no longer qualified as a crime of violence. He also claimed ineffective assistance of counsel. The sentencing court appointed counsel and counsel filed a letter stating that the Descamps claim lacked merit. In an order entered on May

---

[1] With the career offender enhancement, Keys' Guidelines range was based on a total offense level of 29 and a criminal history category of VI.

2

18, 2015, the sentencing court denied relief on the ground that Keys had waived his collateral review rights and because his Descamps claim lacked merit, see United States v. Keys, D.C. Crim. No. 05-cr-00617-2).[2] The sentencing court dismissed Keys' ineffective assistance of counsel claims as meritless and time-barred. Keys did not appeal.

Keys then sought to raise a challenge to his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act was void for vagueness. The Federal Community Defender was appointed and filed a § 2255 motion in the district court on Keys' behalf, arguing, in pertinent part, that his two predicate offenses of burglary and robbery no longer qualified as crimes of violence after Johnson. Therefore, he was not a career offender, and, without the career offender enhancement, his total offense level would have been 21 and his criminal history category V, resulting in a Guidelines imprisonment range of only 70-87 months. On March 22, 2017, appointed counsel moved to withdraw the Johnson-based § 2255 motion because, on March 6, 2017, the Supreme Court had held in Beckles v. United States, 137 S. Ct. 886 (2017), that the advisory Guidelines are not subject to a vagueness challenge under the due process clause.

After the sentencing court granted counsel's motion to withdraw the Johnson-based § 2255 motion, Keys sought to raise pro se a claim under Mathis v. United States, 136 S. Ct. 2243 (2016), arguing that his burglary conviction was not a crime of violence after Mathis. He filed, in April 2017, both a pro se motion seeking to present a Mathis

---

[2] The sentencing court found that Pennsylvania's burglary statute was divisible, and that it, therefore, had properly applied the modified categorical approach and properly examined the certified record of conviction, which revealed that Keys had been convicted of burglary of a residence and thus a crime of violence.

claim as an amendment to his Johnson-based § 2255, see Docket Entry No. 177, and a subsequent Mathis-based § 2255 motion, see Docket Entry No. 179. The sentencing court denied both motions in an order entered on April 27, 2017, reasoning that any attempt to amend the Johnson-based § 2255 motion would be futile after Beckles,[3] and that the new § 2255 motion was an unauthorized second or successive one over which the court lacked jurisdiction. Keys appealed and filed an application for a certificate of appealability in our Court, continuing to press his Mathis claim. We denied that application, concluding that, to the extent that he had moved under Rule 15(c) to add a Mathis claim to his Johnson-based § 2255 motion, jurists of reason would not debate the sentencing court's decision to deny that request; and that jurists of reason would not debate the sentencing court's determination that Keys' Mathis-based § 2255 motion was an unauthorized second or successive § 2255 motion over which the sentencing court lacked jurisdiction, see C.A. No. 17-2107.

Keys, who is incarcerated in New Jersey, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, which he later amended. Keys contended that Mathis effected a substantive change in the law that renders his advisory Guidelines career offender sentence illegal. Specifically, he contended that his prior Pennsylvania robbery and burglary convictions no longer qualify as crimes of violence after Mathis, and that he may bring this claim in a § 2241 petition through § 2255's "savings clause." In support of his contention that his prior Pennsylvania burglary conviction no longer qualifies as a crime of violence, Keys

---

[3] The sentencing court did not explain this reasoning but presumably relied on the advisory nature of the Guidelines in concluding that a Guidelines error under Mathis, at least in Keys' case, would not entitle him to relief.

4

pointed to United States v. Steiner, 847 F.3d 103, 119 & n.76 (3d Cir. 2017), wherein we held that, under Mathis, Pennsylvania's burglary statute, 18 Pa. Cons. Stat. Ann. § 3502, is indivisible, and that a categorical approach, rather than a modified categorical approach, must be used in determining whether a § 3502(a) conviction is a qualifying crime of violence. In support of his contention that his prior Pennsylvania robbery conviction no longer qualifies as a crime of violence, Keys pointed to United States v. Thorn, 282 F. Supp.3d 886 (E.D. Pa. 2017). In Thorn, the District Court for the Eastern District of Pennsylvania held that Pennsylvania's robbery statute, 18 Pa. Cons. Stat. Ann. § 3701(a), is indivisible; that Mathis mandates application of the categorical approach to determine if a defendant's § 3701(a) conviction is a crime of violence; and that the defendant's robbery conviction was not a crime of violence under the force/elements clause or the enumerated clause of § 4B1.2(a). 282 F. Supp.3d at 892-93.

The Government moved to dismiss Keys' § 2241 petition, arguing that a § 2255 motion is not inadequate or ineffective to test the legality of Keys' detention. In an order entered on November 14, 2018, the District Court granted the Government's motion and dismissed Keys' § 2241 petition for lack of jurisdiction. The Court held that Keys had an earlier opportunity to raise a Mathis claim in his Johnson-based § 2255 motion and thus that § 2255's savings clause and a § 2241 petition were not available to him.[4]

Keys appeals. Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He later was granted leave to appeal

---

[4] In the alternative, the District Court held that, even if the savings clause extends to permit sentencing challenges to career offender designations, Keys argued only that his burglary and robbery convictions were not crimes of violence under the force/elements and enumerated clauses of § 4B1.2(a); he failed to argue or show that his burglary and robbery convictions were not crimes of violence under the residual clause of the version of § 4B1.2(a) that was in effect when he was sentenced in 2007.

5

in forma pauperis and thus we also consider whether dismissal of the appeal under 28 U.S.C. § 1915(e)(2)(B) is warranted.

We will summarily affirm the order of the District Court dismissing Keys' § 2241 petition for lack of jurisdiction, because it clearly appears that no substantial question is presented by the appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it ... appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District Court had jurisdiction to hear a federal prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to present his claim. We note that we have not yet determined whether § 2255(e)'s saving clause is available when a prisoner argues that an intervening U.S. Supreme Court case renders his career-offender designation invalid, see United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015).

We agree with the District Court that, whether or not the saving clause is available when a prisoner argues that an intervening U.S. Supreme Court case renders his advisory Guidelines career-offender designation invalid, it is not available where a prisoner, like Keys, had an earlier opportunity to present his claim. The decision in Mathis was issued

6

on June 23, 2016, and thus any arguments based on <u>Mathis</u> were available to Keys during the pendency of his <u>Johnson</u>-based § 2255 petition, for which he had been appointed counsel. "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and … § 2255 motion." <u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 180 (3d Cir. 2017). Moreover, we held in <u>United States v. Peppers</u>, 899 F.3d 211, 229 (3d Cir. 2018), that "[w]hen a defendant's second or successive § 2255 motion recites a <u>Johnson</u> claim that satisfies § 2255(h)'s gatekeeping requirements, the defendant is through the gate." <u>Id.</u> (citation omitted). "At that point," a defendant may "rely upon post-sentencing Supreme Court case law [like <u>Mathis</u>] that explains pre-sentencing law." <u>Id.</u> at 229-230 (citations omitted). The District Court thus lacked jurisdiction over Keys' § 2241 petition.[5]

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Keys' § 2241 petition for lack of jurisdiction. The § 1915(e)(2)(B) issue is moot.

---

[5] In any event, Keys did pursue his <u>Mathis</u> claim, albeit on his own in a post-judgment Rule 15 motion to amend. That motion was denied by the sentencing court, Keys appealed, and we denied him a certificate of appealability.

7